JOSEPH WILLIAMSON, petitioner for partition,

*vs.*

ABBIE E. WRIGHT and another.

Waldo. Opinion February 16, 1883.

*Levy. Officer's return. Amendment.*

Where the officer's return of a levy upon the land of an absent debtor discloses that the officer selected two appraisers, and does not show that the debtor had no attorney within the county, or that the attorney neglected to appoint an appraiser, the levy will be invalid.

An amendment to the return will not be allowed in such a case where there is a subsequent attaching creditor who has levied upon the same property, even though he had notice of the facts to be stated in the amendment at the time of making his levy, if he did not have notice of such facts at the time of making his attachment.

ON agreed statement of facts.

Petition for partition of certain land in Northport, wherein the petitioner claimed to own one-twelfth part by virtue of a levy of an execution in his favor, upon the same as the property of Thomas A. Cunningham within thirty days after judgment, and that the property was attached February 21, 1878. One of the respondents claimed to own the part claimed by the petitioner, by virtue of a deed from William M. Rust, who caused the same to be attached March 23, 1876, as the property of the same Cunningham, the admitted owner, and that suit was duly answered to, by the petitioner in this case, as attorney for Cunningham up to the January term, 1878; that judgment was rendered in favor of Rust, and within thirty days thereafter, May 24, 1878, levy was made. The officer's return showed that he selected two of the appraisers, "the said Cunningham having no residence nor stopping in the State of Maine." After this petition at the October term of court, 1881, the officer made application to amend his return by adding after the word "Maine," the following: "I therefore gave notice to Joseph Williamson, his, the said Cunningham's, attorney of record, who neglected and refused to select an appraiser, although allowed a reasonable time so to do, to wit: forty-eight hours." And this amendment, if permissible, was to be considered as made.

*Joseph Williamson*, plaintiff, *pro se.*

*Philo Hersey*, for the defendants.

The petitioner claims the Rust levy to be fatally defective, through the insufficiency of the officer's return. The officer petitions for permission to amend his return to correspond with the facts. No question is made as to its truth.

The general rule undoubtedly is, that any change in the record shall not affect a previous *bona fide* purchaser, without notice. But the petitioner was attorney for the execution debtor in the suit by Rust. The officer's return shows all the requirements of law to have been complied with, unless it be the giving notice to the attorney to choose an appraiser; and of this compliance with

the statute by the officer, the petitioner had actual notice as he was the attorney, and acknowledges the notice to have been seasonably given by the officer, and a reasonable time allowed him to have chosen an appraiser. He had not only such notice as the record affords, but aside from that, actual notice of all the facts proposed to be supplied by the amendment. He does not, therefore, stand in the position of a subsequent purchaser without notice. Nor does it change the result that the petitioner, at the time notice was given him as attorney for execution debtor, claimed that he had ceased to be attorney upon default.

The amendment, if necessary, is allowable, and the levy is valid against the petitioner.

In support of the positions held by the respondents, the case of *Knight* v. *Taylor*, 67 Maine, 591, and other cases therein named are brought to the attention of the court.

DANFORTH, J. Petition for partition, in which the title to the land claimed by the petitioner is put in issue. Both parties claim by levies under Thomas A. Cunningham. The first was made May 24, 1878, under an attachment dated March 23, 1876, in favor of William M. Rust, who conveyed his interest to one of the respondents by deed, dated May 26, 1879. The petitioner's levy was made under an attachment dated February 21, 1878. Thus if the Rust levy was valid the petitioner must fail. Otherwise he is entitled to judgment for partition as prayed for, as it is conceded that his attachment was valid, and his levy seasonable and in compliance with the law.

To the first levy it is objected that the officer's return fails to show any authority on his part to choose an appraiser in behalf of the debtor, but does show that he did so. It appears from the return and by the record, that the debtor was not a resident of this state, but it does not appear that he had no attorney within the county, or that any one was notified as an attorney, and neglected or refused to choose an appraiser. It is conceded that as the record now stands, the levy is fatally defective. But it is claimed that the return fails to give the whole truth, and the officer asks leave to amend. The amendment asked, if allowable, would heal the defect, and the evidence offered, satisfactorily

shows that it is in accordance with the truth. But the objection to it is, that it comes too late. Another levy has been made in behalf of a subsequent attaching creditor. When this last was made the records shew no valid levy before it, and so far as they appeared, the title was still in the debtor. The amendment, if allowed, changes the record title from one to another, and makes the record to which the petitioner had a right to look for the title, and upon which the law authorized him to rely, of no effect. *Lumbert* v. *Hill*, 41 Maine, 475 ; *Boynton* v. *Grant*, 52 Maine, 220.

It is, however, claimed that this principle, though well settled, does not apply here, because the petitioner, who is the creditor in the second levy, had actual notice of the facts, that the amendment proposes to add, and, therefore, had notice that the law was fully complied with. This is, perhaps, true. The case shows that he was the attorney of the debtor, and as such, had due notice to choose an appraiser, and *Knight* v. *Taylor*, 67 Maine, 591 is relied upon. That case is undoubtedly good law, but is not applicable to this. In that the respondent was a subsequent purchaser, and took his title with the full knowledge that in fact the levy was legally made. As against him, therefore, the amendment was allowable. In this case the petitioner is a subsequent attaching creditor. His title does not date from his levy. That was only the completion of what was begun by the attachment, and from that is his title dated. This attachment was prior to the levy, proposed to be amended. He did not, therefore, take his title with a knowledge of the proceedings in question, but in fact before they had taken place. Hence, the notice he did have, can in no way affect his rights. *Emerson* v. *Littlefield*, 12 Maine, 148.

Nor is the respondent in a condition to ask any benefit from the amendment. Her deed is since the levy and the record. She took her title with the return and record, as it now is, and legally with a knowledge of its defect. She must, therefore, abide the result.

As the first defect is fatal it is unnecessary to examine the other.

*Judgment for partition.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.